IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT
_____

No. 01-20949
Summary Calendar
_____

STOLT PARCEL TANKERS, INC.,

Plaintiff-Appellant,

versus

DET NORSKE VERITAS A.S.

Defendant-Appellee.

---------------------
Appeal from the United States District Court
for the Southern District of Texas
(H-00-CV-1335)
---------------------
June 27, 2002

Before HIGGINBOTHAM, WIENER, and BARKSDALE, Circuit Judges.

PER CURIAM:[*]

Plaintiff-Appellant Stolt Parcel Tankers, Inc. ("Stolt") appeals the district court's dismissal of Stolt's action against Defendant-Appellee Det Norske Veritas A.S. ("DNV"), which dismissal the district court grounded in contractual forum selection, concluding that Stolt agreed to litigate actions of this nature in Norway.

The claims asserted by Stolt against DNV eventuated after Stolt contracted with Astilleros Espanoles, S.A. ("AESA") for the

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

construction of several ships. Each contract between Stolt and AESA required AESA to engage DNV for survey services during construction; specified that each vessel would be built in compliance with DNV's rules and regulations; and provided that Stolt would not be bound to accept the vessels unless AESA produced specified certificates. The contracts between Stolt and AESA also stated that the contracting parties would be bound by decisions of DNV regarding compliance with its own rules and regulations. Among DNV's rules are one that specifies Norwegian substantive law and another that requires exclusive dispute resolution in Norwegian courts, with venue in the municipal court of Oslo.

As required, AESA retained DNV for all relevant services in connection with the construction of Stolt's vessels, referencing the Stolt-AESA contracts. After problems surfaced during sea trials, Stolt contracted with DNV for review and supervision of AESA's calculations and its correction efforts. Stolt and DNV agreed, inter alia, that any disputes would be subject to arbitration in Oslo under a designated Norwegian statute.

The instant lawsuit was filed against DNV by Stolt in the Southern District Court of Texas on allegations of negligence, negligent misrepresentation, and breach of contract. DNV filed a motion to dismiss those claims on the basis of forum selection provisions in DNV's rules which, according to DNV, had been agreed to by Stolt. In response, Stolt sought to dismiss its breach of contract claim, acknowledging the requirement that it be arbitrated

2

in Norway.  Stolt insisted, however, that it had not agreed to the forum selection clause for purposes of the negligence and negligent misrepresentation claims; or, alternatively, that if forum selection were incorporated by reference into any agreements between Stolt and DNV, such a provision would not be applicable to the negligence and negligent misrepresentation claims, as those are unrelated to the subject contracts.

The district court dismissed Stolt's claims without prejudice to refiling in Norway, based on the forum selection clause and denied all Stolt's other motions as moot.  Stolt timely filed a notice of appeal.

We have carefully considered the record on appeal and duly heeded the arguments and counter-arguments advanced by able counsel in their well-crafted and helpful appellate briefs; in light of which we have analyzed the district court's extensive Memorandum and Order for this case.  As a result of our de novo review of the district court's grant of DNV's Motion to Dismiss Based on the Forum Section Clause and dismissal of Stolt's motions as moot, we are satisfied that the district court's rulings are correct in all respects and should be affirmed for the reasons expressed by that court.

AFFIRMED.